IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| IN RE: * | |
| * | |
| DANNY MARK DICKSON * | Case No. 10-60807 |
| ANITA KAY DICKSON * | Chapter 13 |
| 4827 GEORGE RICHEY ROAD * | |
| LONGVIEW, TX 75604 * | |
| xxx-xx-0968/xxx-xx-8420 * | |
| * | |
| Debtors | |

### MOTION TO DISMISS AND SETTING HEARING

**The Trustee requests this Court to set this Motion for hearing on the <u>17th</u> day of <u>December, 2014</u>, at <u>10:00 am</u> in the UNITED STATES BANKRUPTCY COURT PLAZA TOWER, 110 N. COLLEGE AVENUE NINTH FLOOR, TYLER, TX.**

To the Honorable Judge of Said Court:

COMES NOW JOHN J. TALTON, Chapter 13 Trustee, and files this his Motion to Dismiss and Setting Hearing in the above numbered and styled proceeding, and for cause would show this Honorable Court as follows:

#### Jurisdiction

1. The Court has jurisdiction over this proceeding in accordance with 28 USC Sec. 157 and 1334. This is a case proceeding according to 28 USC 157(b).

#### Failure to Turn Over Tax Return(s) Per Terms of Confirmed Plan

2. The Debtor(s) have unreasonably delayed the case because of the Debtor(s)' failure to cooperate with the Trustee as necessary to enable the Trustee to perform the Trustee's duties under Title 11 as required under 11 USC 521(a)(3). In particular, the Debtor(s) are required to turn over their tax returns during the pendency of this case within ten (10) days of filing such during the term of the Plan pursuant to the provisions of the confirmed Chapter 13 plan. The Trustee needs copies of these tax returns in order to determine the amount, if any, of the Debtor(s)' tax refund, if any, that should be turned over to the Trustee to be added to the plan base.

3. The Trustee has made demand on the Debtor(s) to provide the Trustee with a copy of tax return(s) for tax year(s) 2011 & 2013. To date, the Debtor(s) have failed to provide the Trustee a copy of these tax return(s). The failure of the Debtor(s) to cooperate with the Trustee by turning over their tax return(s) constitutes an unreasonable

delay by the Debtor(s) that is prejudicial to the creditors that justifies the dismissal of this case pursuant to 11 USC. 1307(c)(1). The Trustee would assert that, absent the turnover of the tax return(s), the dismissal of the case would be in the best interests of the creditors.

4. In order to prevent the dismissal of this case, a copy of the Debtor(s)' tax return(s) for the year(s) noted above should be mailed by the Debtor(s) to the Trustee at the following address:

**Standing Chapter 13 Trustee**
**110 N. College Ave., Suite 1200**
**Tyler, TX  75702**

**Failure to Turn Over Applicable Portion of Tax Refund, if any**

5. The terms of the Debtor(s)' confirmed plan requires the Debtor(s) to turn over all or a portion of the Debtor(s)' tax refunds, if any, within ten (10) days of receipt of such tax refunds, if any, received during the term of the Plan, such tax refunds or portion thereof to be added to the plan base. In the event the tax return(s) requested above indicate that the Debtor(s) should turn over all or a portion of the applicable tax refunds as reflected in the Debtor(s)' confirmed plan and in the event the Debtor(s) have received the applicable tax refunds, the Debtor(s) should forward the tax refund to the Trustee at the following address:

**Standing Chapter 13 Trustee**
**P. O. Box 734**
**Tyler, Texas 75710**

Failure to timely turn over the applicable tax refund(s) constitutes a material default by the Debtor(s) that justify the dismissal of this case pursuant to the provisions of 11 USC 1307(c)(6); constitutes an unreasonable delay by the Debtor(s) that is prejudicial to the creditors that would justify the dismissal of this case pursuant to the provisions of 11 USC 1307(c)(1); and that such dismissal of this case would be in the best interests of the creditors.

**Lack of Plan Payments, if Applicable**

6. **If checked off below**, the Trustee asserts that, in addition to failure to turn over tax returns and tax refunds as alleged above, the case should be dismissed for failure to make plan payments as follows:

( )   The Debtor(s) have unreasonably delayed the case because of non-payment of the Chapter 13 Plan as required by 11 USC 1326(a)(1) that justify the dismissal of this case pursuant to the provisions of 11 USC 1307(c)(4) and (1). The dismissal of this case based upon the Debtor(s)' failure to make plan payments is in the best interests of the creditors. As of  the Debtor(s) are in arrears in the amount of . The Debtor(s) are also responsible for keeping payments current after .

**Payments to bring the Plan current should be mailed in advance of the hearing so that it is received by the Trustee at least seven (7) business days prior to the Court hearing on this Motion and should be in the form of a Cashier's Check or Money Order payable to the order of Standing Chapter 13 Trustee and remitted to:**

**Standing Chapter 13 Trustee
P. O. Box 734
Tyler, Texas 75710**

   WHEREFORE, PREMISES CONSIDERED, the Trustee moves that this case be dismissed.

   Respectfully submitted,

   JOHN J. TALTON
   CHAPTER 13 TRUSTEE

   /s/ John J. Talton
   John J. Talton, SBN 19629700
   110 N. College #1200
   Tyler, Texas  75702
   (903) 593-7777, Fax (903) 597-1313

   CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the above and foregoing Motion to Dismiss and Setting Hearing has been served upon the following parties in interest by mailing a copy of same to them via first class mail or electronically on 11/25/14:

   CAROL CROSS STONE
   1118 JUDSON ROAD
   LONGVIEW, TX 75601

   DANNY MARK DICKSON
   ANITA KAY DICKSON
   4827 GEORGE RICHEY ROAD
   LONGVIEW, TX 75604

   /s/John J. Talton
         John J. Talton